# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 15-24477-CMB |
| LARRY POMPELIA and BRENDA S. POMPELIA, | Chapter 7 |
| Debtors. | |
| PENNSYLVANIA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, | Adv. No. 16-2121-CMB |
| Plaintiff, | Related to Doc. No. 5 |
| v. | |
| LARRY POMPELIA and BRENDA S. POMPELIA; BLP, LLC, D/B/A FINAL SCORE SPORTS SALOON, A PENNSYLVANIA LIMITED LIABILITY COMPANY; LORI BRINK, ADMINISTRATRIX OF THE ESTATE OF CODY ALLEN BRINK-DOUGLAS; and SANDRA LYNN TITUS, ADMINISTRATRIX OF THE ESTATE OF SEAN J. TITUS, | |
| Defendants. | |

## MEMORANDUM OPINION

Debtors and Defendants, Larry and Brenda Pompelia, seek dismissal of this adversary proceeding for lack of this Court's jurisdiction.[1] The Plaintiff, the Pennsylvania Property and Casualty Insurance Guaranty Association ("PPCIGA"), filed this adversary proceeding[2] seeking a

---

[1] Doc. No. 5, the "Motion to Dismiss."

[2] Doc. No. 1, the "Complaint."

declaratory judgment that PPCIGA has no obligation to defend or indemnify the Pompelias or their company, BLP, LLC d/b/a Final Score Sports Saloon,[3] in two wrongful death suits pending in State Court. Because the Court finds PPCIGA's underlying action cannot conceivably affect this bankruptcy case, the Court concludes it does not have jurisdiction to grant the relief requested. Further, even if the Court determined it had related-to jurisdiction over this matter, the Court would properly abstain from hearing it. The Motion to Dismiss will be granted.

**Factual Background**

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint if the court lacks subject matter jurisdiction to hear the case. The Pompelias facially attack the Court's subject matter jurisdiction over this adversary proceeding.[4] In a facial attack, the movant contests the sufficiency of the well-pleaded allegations insofar as they provide a basis for the court's exercise of subject matter jurisdiction. The Court must treat the Complaint's well-pleaded jurisdictional facts as true and view them in the light most favorable to the non-moving party.[5]

The facts alleged in the Complaint are as follows: After being served alcohol as minors at the Final Score Sports Saloon, Sean Johnathan Titus, Zane Michael McMillen, and Cody Allen Brink-Douglas died in a car accident on May 4, 2013. Lori Brink, Administratrix of the Estate of Cody Allen Brink-Douglas (the "Brink Estate"), and Sandra Lynn Titus, Administratrix of the Estate of Sean J. Titus (the "Titus Estate"), filed separate wrongful death lawsuits in the Pennsylvania State

---

[3] The Final Score Sports Saloon, a Pennsylvania Limited Liability Company, a defendant in the instant adversary proceeding is also known as BLP, LLC. The Pompelias are the owners and sole members of BLP, LLC.

[4] *Gould Electronics Inc. v. U.S.,* 220 F.3d 169, 176 (3d Cir. 2000).

[5] *Byrd v. Aaron's, Inc.*, 14 F. Supp. 3d 667, 679 (W.D. Pa. 2014).

Courts naming the Final Score Sports Saloon and the Pompelias as defendants, in addition to other parties not involved in the dispute before this Court (the "State Court Litigation").[6]

BLP, LLC t/a Final Score Sports Saloon and its members, the Pompelias, are the insureds on a commercial property and liability insurance policy granted by Regis Insurance Company (the "Policy").[7] PPCIGA became responsible for the various rights, duties and obligations contained in the Policy upon the liquidation of Regis Insurance Company on October 30, 2015 pursuant to the PPCIGA Act, 40 P.S. § 999.1801 *et. seq*. The Policy requires PPCIGA to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."[8] Accordingly, PPCIGA may be liable to pay the damages awarded, if any, in the State Court Litigation.

The State Court Litigation was stayed when the Pompelias filed their voluntary Chapter 7 petition on December 8, 2015.[9] The Brink Estate and Titus Estate separately moved for relief from the automatic stay to continue the State Court Litigation (collectively, the "Motions for Relief").[10] The Motions for Relief were uncontested and both were granted by default (collectively, the "Orders Granting Stay Relief").[11] The Orders Granting Stay Relief were entered on April 15, 2016 and May 4, 2016, respectively. Thereafter, PPCIGA initiated this adversary proceeding seeking

---

[6] *Lori Brink, Administratrix of the Estate of Cody Allen Brink-Douglas v. Larry P. Pompelia and Brenda S. Pompelia, t/d/b/a The Final Score Sports Saloon and/or Final Score Saloon, Michael S. Crawford, Daniel C. Ferringer, Laura Ferringer and William C. Ferringer,* Indiana County Court of Common Pleas at Case No. 10692 CD 2015; *Sandra Lynn Titus, as Administrator of the Estate of Sean J. Titus v. Larry P. Pompelia, Brenda S. Pompelia, and BLP, LLC, d/b/a Final Score Sports Saloon*, Armstrong County Court of Common Pleas at Case No. 2015-0634-Civil.

[7] Doc. No. 1, Ex. C at 17.

[8] Doc. No. 1, Ex. C.

[9] Case No. 15-24477-CMB, Doc. No. 1.

[10] Case No. 15-24477-CMB, Doc. Nos. 41 and 53, respectively.

[11] Case No. 15-24477-CMB, Doc. Nos. 59 and 63, respectively.

to shield itself from liability in the State Court Litigation.[12] By the Complaint, PPCIGA now seeks a declaratory judgment from this Court stating that PPCIGA has no obligation to defend or indemnify BLP, LLC or the Pompelias in connection with the State Court Litigation. PPCIGA asserts it has no liability to cover any damages arising from the State Court Litigation pursuant to exclusionary language in the Policy for injury or death due to "liquor liability."[13] The Titus Estate filed a response to the Complaint[14] and the Pompelias responded to the Complaint with the Motion to Dismiss.[15]

## Discussion

PPCIGA asserts the Court has "related-to" or "non-core" jurisdiction over the adversary proceeding while the Pompelias maintain the Court has no jurisdiction to resolve the underlying adversary and, therefore, the case should be dismissed. The Court agrees with the Pompelias because the outcome of the adversary proceeding can have no conceivable effect on the bankruptcy estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) and its progeny provide the analytical framework for determining "related to" jurisdiction.[16] "The usual articulation of the test for determining if a civil proceeding is related to a bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*"[17]

---

[12] Doc. No. 1; Case No. 15-24477-CMB, Doc. No. 66.

[13] Doc. No. 1.

[14] Doc. No. 13.

[15] Doc. No. 5.

[16] *In re Resorts Int'l, Inc.*, 372 F.3d 154, 164 (3d Cir. 2004).

[17] *Pacor, Inc. v. Higgins*, 743 F.2d at 994 (emphasis original)(internal citations omitted).

4

"[I]f the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate",[18] the action is sufficiently "related to" the bankruptcy proceeding. Although certainly broad, this jurisdiction is not limitless and, as the Supreme Court observed, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."[19]

"It is the burden of the party alleging Bankruptcy Court jurisdiction to establish the existence of that Court's jurisdiction over the matter in dispute."[20] PPCIGA must show that the issuance of the declaratory judgment regarding the Policy is within the related-to jurisdiction of this Court. PPCIGA argues this Court has related-to jurisdiction to grant its requested declaratory judgment because this adversary affects the Pompelias' bankruptcy estate in two distinct ways.[21] First, PPCIGA contends that the Pompelias' coverage under the Policy is property of their bankruptcy estate. Second, PPCIGA argues that, in the event the Policy coverage is limited in this action, the estate's ability to satisfy the claims of creditors will be greatly affected, particularly the claims of the Brink Estate and the Titus Estate. The Court is not persuaded by either argument.

PPCIGA's first argument is the outcome of this adversary proceeding will affect the bankruptcy estate's property because the Policy is property of the estate. The definition of "property of the estate" is broadly defined in 11 U.S.C. § 541(a)(1) and has generally been interpreted to include insurance policies.[22] This does not end the inquiry, however, because the

---

[18] *Id*.

[19] *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 & n. 6, 115 S.Ct. 1493, 131 L.Ed. 2d. 403 (1995).

[20] *In re Chargit Inc.*, 81 B.R. 243, 247–48 (Bankr. S.D.N.Y. 1987)(internal citations omitted).

[21] Doc. No. 11 at P. 6.

[22] *See Houston v. Edgeworth (In re Edgeworth),* 993 F.2d 51 (5th Cir. 1993); *First Fidelity Bank v. McAteer,* 985 F.2d 114 (3d Cir. 1993); *MacArthur Co. v. Johns–Manville Corp. (In re Johns–Manville Corp.),* 837 F.2d 89 (2d Cir. 1998),

5

overriding question is whether the *proceeds* from the insurance policy are also considered property of the estate. The answer to this inquiry is determined by whether the debtor would have a right to receive and keep those proceeds when the insurer pays on the claim. When a payment by an insurer cannot inure to a debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate.[23] Here, the proceeds of the Policy do not directly benefit the Pompelias. The proceeds of the Policy may only benefit the Brink Estate and / or the Titus Estate and only if the State Court Litigation results in a judgment against the insureds. The proceeds of the Policy are not property of this bankruptcy estate. For these reasons, the Court cannot find the outcome of the adversary will affect the bankruptcy estate's property.

PPCIGA's second argument is that this adversary proceeding is related to the underlying bankruptcy case because it may affect the estate's payment of claims—specifically those of the Titus Estate and Brink Estate. This argument is premised on the occurrence of two events: that the State Courts enter judgment in favor of the Titus Estate and Brink Estate against the Pompelias and that PPCIGA prevails in its declaratory judgment action before this Court. This second argument further presumes that, after the above two contingent events occur, the Titus Estate and Brink Estate will seek recovery from the Pompelias[24] and such action will greatly affect the

---

*cert. denied,* 488 U.S. 868, 109 S.Ct. 176, 102 L.Ed. 2d 145 (1988); *In re Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1399 (5th Cir.1987); *Tringali v. Hathaway Machinery Co.,* 796 F.2d 553 (1st Cir. 1986); *A.H. Robins v. Piccinin,* 788 F.2d 994 (4th Cir. 1985) , *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986).

[23] *In re Sfuzzi, Inc.*, 191 B.R. 664, 666 (Bankr. N.D. Tex. 1996)(citing *Louisiana World Exposition, Inc.,* 832 F.2d 1391, 1399 (5th Cir. 1987)("The question is not who owns the policies, but who owns the liability proceeds.").

[24] The Brink Estate has not filed a claim in the underlying bankruptcy case and the Claims Bar Date passed on April 14, 2016. The Titus Estate has filed an unliquidated and contingent claim based upon the State Court Litigation. *See* Claim 6-1. Further, the Order granting the Motion for Relief from Stay filed by the Brink Estate (Case No. 15-24477-CMB, Doc. No. 59) and the Order granting the Motion for Relief from Stay filed by the Titus Estate (Case No. 15-24477-CMB, Doc. No. 63) contain language limiting any judgment against the Pompelias in the State Court Litigation "up to the amount of insurance coverage."

6

bankruptcy estate.[25] That this adversary proceeding may affect the bankruptcy estate at some point in the future only where two interceding events occur is not sufficient to have a conceivable effect on the bankruptcy case. This connection to the bankruptcy estate is simply too tenuous to constitute related-to jurisdiction and the adversary proceeding must be dismissed.[26]

Even if the Court had jurisdiction over this adversary proceeding, the Court would permissively abstain. The State Courts are the better venue for determining the substantive questions posed by PPCIGA in its Complaint. Further, these issues will undoubtedly arise in the State Court Litigation as the Complaint is predominantly a defense to the liability at issue in the underlying litigation or in a subsequent proceeding. Title 28 U.S.C. § 1334 sets forth the grounds for permissive abstention of a bankruptcy court's jurisdiction and, in turn, authority to hear all civil proceedings arising under, arising in or related to cases under title 11:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.[27]

Permissive abstention may be considered by a bankruptcy court *sua sponte*.[28] Courts consider twelve factors in determining whether permissive abstention is appropriate:[29]

1. the effect or lack thereof on the efficient administration of the estate;
2. the extent to which state law issues predominate over bankruptcy issues;
3. the difficulty or unsettled nature of applicable state law;

---

[25] Doc. No. 22 at 2.

[26] *In re Salem Baptist Church of Jenkintown*, 455 B.R. 857, 864 (Bankr. E.D. Pa. 2011)(finding that where a separate proceeding would be necessary to determine the debtor's liability such circumstances do not confer related-to jurisdiction pursuant to the holding of *Pacor*).

[27] 28 U.S.C. § 1334(c)(1).

[28] 28 U.S.C. § 1334(c)(1); *LaRoche Indus., Inc. v. Orica Nitrogen LLC (In re LaRoche Indus., Inc.),* 312 B.R. 249, 256-57 (Bankr. D.Del. 2004).

[29] *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 599–600 (Bankr. D.Del. 2009)(internal citations omitted).

7

4. the presence of a related proceeding commenced in state court or other non-bankruptcy court;
5. the jurisdictional basis, if any, other than section 1334;
6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. the substance rather than the form of an asserted "core" proceeding;
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. the burden of the court's docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
11. the existence of a right to a jury trial; and
12. the presence of non-debtor parties.

Each of these factors is considered in order. First, the adversary proceeding will not have any significant effect on the efficient administration of the estate. This factor favors abstention.

Second, this adversary proceeding is an insurance dispute involving claims for declaratory relief based upon the interpretation and applicability of specific terms in the Policy. Pennsylvania state law governs the Policy. No provision of the Bankruptcy Code is implicated. Because state law issues predominate over bankruptcy issues, this factor favors abstention.

Third, the issues presented in the adversary complaint appear to involve straightforward issues of insurance coverage. However, "even if a matter does not involve unsettled issues of state law, where the state law issues so predominate the proceeding ..., this factor weighs in favor of having the state court decide it."[30] State law issues are the only issues involved in the adversary proceeding. This factor favors abstention.

Fourth, there are related proceedings already commenced in the Pennsylvania State Courts and PPCIGA can raise the merits of its Complaint in the State Court Litigation or a subsequent proceeding. In granting the Brink Estate and Titus Estate relief from the automatic stay to proceed

---

[30] *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 600 (Bankr. D.Del. 2009)(quoting *In re Integrated Health Services, Inc.,* 291 B.R. 615, 620 (Bankr. D.Del. 2003)).

8

with the State Court Litigation, the Court contemplated the resolution of the Policy's coverage to the extent the coverage forms the parameters for a judgment against the Pompelias.[31] This factor favors abstention.

Fifth, the Court has already found it lacks any jurisdiction to hear and decide the underlying matter. Even if an argument in support of jurisdiction pursuant to 28 U.S.C. § 1334 could be found, PPCIGA fails to establish any other basis for federal jurisdiction. This factor weighs in favor of abstention.

Sixth, similar to the fifth factor, the Court has already found that this adversary cannot have any conceivable effect on the underlying bankruptcy case. The degree of remoteness of the adversary proceeding to the underlying bankruptcy case weighs in favor of abstention.

Seventh, PPCIGA does not assert this adversary proceeding is "core" pursuant to 28 U.S.C. § 157(b) and this Court has found it lacks "non-core" jurisdiction under 28 U.S.C. § 157(c). The matter at issue neither "arises in," "arises under," nor is "related to" a case under the Bankruptcy Code. It is a dispute regarding insurance coverage and exists wholly outside of the Pompelias' bankruptcy case. This factor weighs in favor of abstention.

Eighth, as there are no "core" bankruptcy issues, severance of state law claims is not necessary. This factor is inapplicable.

Ninth, this adversary proceeding would not unduly burden the Court's calendar. This factor militates in favor of not abstaining.

Tenth, it is unlikely PPCIGA is engaged in forum shopping. This Court was the situs for the underlying bankruptcy case. Accordingly, this factor does not favor abstention.

---

[31] *See* n. 24, *supra*.

9

Eleventh, neither party has requested a jury trial in the adversary proceeding nor is it clear, from the record, that the State Court Litigation will involve a jury trial. However, PPCIGA's declaratory judgment claims are generally the kind entitled to a jury trial. [32] The presence of this right weighs in favor of abstention.

Finally, the adversary complaint names the Debtors as defendants as well as non-debtors, the Brink Estate and the Titus Estate. The presence of non-debtor parties favors abstention.

Only two of the twelve factors weigh against abstention while the overwhelming majority of factors favor abstention. It is clear that the adversary proceeding does not help with the efficient administration of the bankruptcy estate; state law issues dominate the proceedings; the Court lacks jurisdiction over the claims and issues presented in the adversary complaint; the State Court Litigation is ongoing; and the adversary proceeding involves non-debtor parties. The State Courts are equally competent to adjudicate the underlying claims. Accordingly, this Court will abstain.

## **Conclusion**

Having found the adversary proceeding neither "arises in," "arises under," nor is "related to" the Bankruptcy Code, the Court concludes it does not have jurisdiction to decide the matters presented in the adversary complaint. Without jurisdiction, this adversary action cannot proceed before this Court. Even if jurisdiction had been established, the circumstances and facts of the case lead the Court to abstain from hearing it. The State Courts are the more appropriate venue for PPCIGA to raise the issues it has attempted to raise here. It is in the interest of every party for the matters in dispute to be heard and decided by a court with competent jurisdiction. In this

---

[32] *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 226 (3d Cir. 2009).

instance, this Court is not that proper venue. An Order consistent with this Memorandum Opinion will be entered simultaneously.

Date:   October 25, 2016                                    /s/ Carlota M. Böhm
                                                            Carlota M. Böhm
                                                            United States Bankruptcy Judge

FILED
10/25/16 4:12 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA